A. Barton LEWIS

v.

Kurt ROSTAN and Seymour Freedman.

Civ. A. No. 30350.

United States District Court
E. D. Pennsylvania.

Nov. 17, 1961.

Folz, Bard, Kamsler, Goodis & Greenfield, by Robert K. Greenfield, Edward Greer, Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, by Bernard J. Smolens, Philadelphia, Pa., for defendants.

WOOD, District Judge.

### I. Discussion

This is a suit between partners in which the plaintiff seeks a decree of dissolution, an accounting and the appointment of a receiver to wind up the affairs of the partnership, as well as other incidental relief. The plaintiff presented evidence in support of his motion for preliminary relief as described above and the defendants offered evidence to the contrary. It was revealed at the hearing that there were many disputes of fact, but certain facts appear to us to have been clearly established.

Around May of 1955, the plaintiff and the two defendants formed a general partnership. This was not evidenced by any writing, but it was orally agreed between the parties at that time that each partner should contribute equal time and resources and each should draw one-third of the profits made by the various enterprises of the partnership. It was understood that the partnership would act only by unanimous agreement of the three partners.

The partners were primarily engaged in the real estate, mortgage, and insurance businesses. After the partnership became involved in numerous enterprises, minutes of partnership meetings were kept. (See plaintiff's Exhibit 1.) Some of the enterprises in which the three partners became interested required more capital than they had available. They, therefore, made arrangements with other persons to join in such ventures. Some of these ventures were evidenced by written agreements in which the three parties involved in this law suit appeared as partners with one or more outside persons. In these instances, the three parties to this suit always held an equal interest; for example: if the three parties held a fifty percent interest in an enterprise, each partner held a one-third interest in that fifty percent. It appears from the

**130**

minutes of the general partnership that these various enterprises were discussed by the parties in some detail and were handled as partnership ventures, even though the parties' names appeared on the separate agreements as individuals and not as a partnership.

Sometime in 1960, friction developed between the three partners. The plaintiff objected to the partnership's entry into a venture which he felt was too large and too risky. The defendants began to criticize the plaintiff for being too conservative, and the situation worsened. In the end of May, 1961, the plaintiff went on a vacation. When he returned, the defendants told him they wanted to remove him as President of the Republic Mortgage Company, one of the principal enterprises of the partnership which plaintiff had built up and managed. Plaintiff couldn't accept this, and so he suggested "an over-all winding up of affairs" and division of the assets of the partnership among the three of them (NT 22).

Through June, July and August, 1961, the parties attempted to negotiate an agreement governing the winding up of the partnership affairs and the distribution of its assets. These negotiations met with failure.

Early in August, 1961, the defendants changed the locks on the partnership office and on the files in the office. They did not furnish plaintiff with a key, and told plaintiff that he could enter the partnership office only during business hours when someone else was present there. Plaintiff was removed as President of the Republic Mortgage Company at a meeting of that company at which plaintiff was not present.

Charges and countercharges have been made by the parties of misconduct of various sorts. For present purposes we think it unnecessary to unravel the conflicting stories or place the blame for any particular incident on plaintiff or defendants. Suffice it to note that defendants have effectively excluded plaintiff from his right to inspect the partnership records and to participate in all of the ventures in which the partnership is involved.

On August 17, 1961, an agreement of dissolution and distribution was signed by the defendants. The next day the plaintiff signed it. However, later that day the plaintiff renounced the agreement upon learning of a second agreement which the defendants wished him to sign. The parties disagree as to whether there was a rescission by mutual consent of the August 17th agreement. For present purposes, it is sufficient to state that the parties have not carried out the terms of that agreement and are not proceeding to wind up the affairs of this partnership.

The partnership is in urgent need of agreement between the parties, at least as to the continued operation of ventures in which the partnership is already deeply involved. Although the plaintiff has alleged that because of defendants' mishandling of partnership affairs the assets are in great danger of dissipation, we conclude that it is because of the failure of the parties to agree on a method of winding up their association that the assets are in danger. There is no convincing evidence of imminent insolvency of this partnership or any of its business ventures.

We make the following brief findings of fact and conclusions of law in support of our interlocutory order:

## II. Findings of Fact

1. The parties formed a general partnership in May of 1955.

2. Pursuant to that general partnership, the parties have entered into various agreements with each other and in some instances with outside persons for the promotion of various enterprises.

3. The individual agreements which involve outside persons were entered into by the parties as a partnership.

4. The plaintiff has been deprived by the defendants of his right to possession of the records of and participation in the business of the partnership on an equal basis with the defendants since August of 1961.

5. On August 17 and 18, the parties entered into an agreement of dissolution and distribution of partnership assets, the terms of which agreement have not been carried out by either plaintiff or defendants.

6. Both plaintiff and defendants have expressed their intent to cease doing business as partners.

7. The partnership assets are not in danger of dissipation because of any mishandling by defendants, but are in danger because of the partners' inability to agree and the resulting inability of the partnership to act.

### III.   Conclusions of Law

1. The Court has jurisdiction over the parties and the subject matter of this suit by diversity of citizenship.

2. The rights of the parties in the subject matter are governed by the Uniform Partnership Act, 59 Purdon's Stat. § 51 et seq.

3. The partnership was dissolved on August 18, 1961, by the express will of all partners (59 Purdon's Stat. § 93(1) (b).

4. The plaintiff is entitled to an accounting by the defendants and the defendants are entitled to an accounting as to any partnership affairs over which plaintiff may have control (59 Purdon's Stat. § 55).

5. The plaintiff, having been excluded from the partnership's affairs, shall have his interests protected by a posting of a bond by the defendants.

### IV.   Interlocutory Order

And now, to wit, this 17th day of November, 1961, It Is Hereby Ordered:

The defendants' motion to dismiss the plaintiff's complaint is hereby Denied.

The plaintiff's motion for preliminary relief is hereby Granted to the extent as follows:

1. Within ten (10) days from this date the defendants shall submit an accounting of all partnership assets over which the defendants have control.

2. Within ten (10) days from this date the plaintiff shall submit an accounting of any partnership assets over which the plaintiff may have control.

3. The parties shall make every effort to wind up the affairs of the partnership formerly existing between plaintiff and defendants.

4. The defendants shall post a bond in the amount of $50,000 to insure the plaintiff against any loss which may be occasioned by the mishandling of partnership affairs by the defendants.

It is the decree of this Court that the above-described partnership was dissolved on August 18, 1961. The agency of each partner to act for the other partners and for the partnership thereby terminated as to all *new* ventures. From the date of this Order, no partner shall have the power to bind any other partner or the partnership assets in any business venture other than those necessary for the liquidation of partnership assets.